# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN A. BEIGHTLER,

    Plaintiff,

    v.                                      Civil Action 2:19-cv-2344
                                            Judge Algenon L. Marbley
                                            Magistrate Judge Jolson

MARK STEVEN BEIGHTLER, et al.,

    Defendants.

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Stephen A. Beightler, a *pro se* prisoner, brings this action against Defendants Mark Steven Beightler and Jeanene Pat Briggs. (*See* Doc. 1-1). This matter is before the undersigned for consideration of Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 1, 3) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's requests to proceed *in forma pauperis* are **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## I.    MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motions for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1, 3), Plaintiff's Motions are **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's

certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. *See Beightler v. Ohio Health*, 2:19-cv-2329, Doc. 6 (S.D. Ohio).[1]

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order

---

[1] On June 6, 2019, the Court issued a Notice of Deficiency instructing Plaintiff to file a trust fund account statement by July 6, 2019. (Doc. 2). In lieu of filing his trust fund account statement, Plaintiff filed his second Motion to Proceed In Forma Pauperis in which he requests that the Court rely on his "affidavit and certificate with statement filed in *Beightler v. Ohio Health*, 2:19-cv-2329, U.S.D.C. Southern Ohio as Plaintiff's resources are limited." (Doc. 3). The Court has reviewed the relevant filings from that case and finds that they satisfy the *in forma pauperis* standard.

to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Plaintiff's Complaint

Plaintiff alleges his parents, the Defendants, breached their obligation to pay for his "higher education costs." (Doc. 1-1, ¶ 7). According to him, from 1999 through 2006, Plaintiff pursued numerous courses in higher education, but Defendants continually refused to pay for them, causing

3

him significant emotional distress. (*Id.*, ¶¶ 9–17). Therefore, he brings causes of action for "[b]reach of dissolution in violation of court settlement and law" and "[i]ntentional infliction of distress." (*Id.*, ¶¶ 4–5). He requests damages compensating him for his higher education costs, $28,000 in damages for Defendants' alleged intentional infliction of emotional distress, and punitive damages. (*Id.*, ¶ 28).

### C. Discussion

Plaintiff asserts that this Court has subject matter jurisdiction over this action based on diversity jurisdiction. (*See id.*, ¶ 6 ("This court has jurisdiction as the dissolution settlement occurred in Union County Court of Common Pleas of Ohio and the parties are of multiple state jurisdictions.")).

Federal courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Diversity jurisdiction requires "complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

As alleged, Plaintiff and Defendant Beightler are both citizens of Ohio. (*See* Doc. 1-1, ¶ 1 (stating that Plaintiff is an inmate at Madison Correctional Institution in London, Ohio); *id.*, ¶ 2 (stating that Defendant Beightler resides in Mt. Victory, Ohio)). Complete diversity, therefore, does not exist between the parties. *See V & M Star*, 596 F.3d at 355. As a result, Plaintiff's Complaint should be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Leave to Proceed *in forma pauperis* are **GRANTED** (Docs. 1, 3); however, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:   July 24, 2019                                 /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE